SADIE E. DUELLY, PLAINTIFF-APPELLANT, v. PENSION COMMISSION OF THE CITY OF EAST ORANGE, CREATED UNDER CHAPTER 160, LAWS OF 1920, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 28, 1951—Decided June 11, 1951.

Before Judges FREUND, PROCTOR and SCHETTINO.

*Mr. James E. Fagan* argued for plaintiff-appellant (*Messrs. Gilhooly, Yauch and Fagan*, attorneys).

*Mr. Walter C. Ellis* argued for defendant-respondent.

The opinion of the court was delivered by

SCHETTINO, J. S. C.  Plaintiff sought a declaratory judgment that she is an "active member" of the East Orange Police Department, within the meaning of *R. S.* 43:16–17, and as such is eligible for retirement by reason of her age and years of service. That she is a member of the police force is conceded, but defendant contends that she is an "employee member," and as such is not eligible for retirement because plaintiff has not yet attained the age for retirement applicable to employee members. The trial court gave summary judgment for defendant and from that judgment plaintiff appeals.

The facts are stipulated. On November 22, 1916, plaintiff, after examination and certification by the Civil Service Commission, was duly appointed clerk of the police department. Although the manual relating to the duties of the clerk did not subject plaintiff to call for police duties, she in fact did, over the years, perform police duties of various kinds in addi-

tion to her duties as clerk, and apparently still does. At one time the board of police commissioners contemplated creating the position of policewoman or police matron, but never in fact created it, nor was there any purported appointment of plaintiff or anyone else to that position. Plaintiff has never been certified by the Civil Service Commission for a position other than the 1916 one as clerk. Plaintiff at all times was and is carried on the payrolls as a clerk in the department and, as already stated, in fact performs the duties of a clerk despite the additional performance of certain police duties.

*R. S.* 43:16-1 to 18, enacted in 1944, created the distinction between "active member" and "employee member." Prior thereto all members of the police department were subject to the same requirements of age and years of service for retirement. *R. S.* 43:16-1 provides that any "active member" having 25 years of service and having reached the age of 51 years is eligible for retirement, whereas an "employee member" may retire after like years of service but upon reaching the age of 60 years. Plaintiff has served more than 25 years and is now 56 years of age.

*R. S.* 43:16-17 defines "member," "active member" and "employee member" as follows:

"(1) 'Member' shall mean a person who on the effective date of the act of which this act is amendatory, that is on July first, one thousand nine hundred and forty-four, was a member of a municipal police department or paid or part paid fire department or county police department or a paid or part paid fire department of a fire district located in a township and who has contributed to the pension · fund established under chapter sixteen of Title 43 of the Revised Statutes and shall hereafter contribute to said fund.

(2) 'Active member' shall mean any 'member' who is a policeman, fireman, detective, lineman, driver of police van, fire alarm operator or inspector of combustibles and who is subject to call for active service or duty as such.

(3) 'Employee member' shall mean any 'member' who is not subject to call for active service or duty as a policeman, fireman, detective, lineman, driver of police van, fire alarm operator or inspector of combustibles."

■ The trial court pointed out that the definition of "active member" required both that the member have the status of "policeman * * *" and be "subject to call for active service or duty as such," and concluded that although plaintiff had in fact been subjected to call for such service or duty, she at no time held the required status, and observed that the circumstance that plaintiff had thus been subjected to call could not operate to rewrite the specific legislation applicable to this case.

We think the trial court's conclusions are in all respects correct.

■ Plaintiff attacks the finding that she does not have the required status of a "policeman" within the definition of an "active member." She relies upon R. S. 40:174–89, enacted in 1920, which provided:

"*Present clerks transferred to force*

2. All such clerks of the bureau of detectives or detective department, having charge of the filing and docketing of police records of said detective bureau or department, including identification clerks and the person having charge of the Bertillon system of said bureau or department, and clerks or secretaries to the chief of police, now in the employ of such city are hereby transferred to and made a part of the police force thereof without further appointment or action, *in addition to the number of policemen limited by any law for such city.*" (Italics added.)

The argument is that the italicized words constituted a legislative declaration that all persons thus transferred to and made a part of the police force were thereby denominated "policemen" and that that characterization should be carried into the construction of the word "policeman" as used in R. S. 43:16–17.

R. S. 40:174–89 will not stand that interpretation. It merely transferred the employees described to the police force and made them a part of it. It did not constitute a declaration that the employees thereby transferred were policemen.

Judgment is affirmed without costs.